■ CALCADOS SANDALO, S. A., Respondent, v INTERSHOE INCORPORATED, Appellant, and CANADIAN IMPERIAL BANK OF COMMERCE, Respondent-Appellant. — Order of the Supreme Court, New York County (Smith, J.), dated June 19, 1982, which, *inter alia,* granted plaintiff's motion for summary judgment against defendant Canadian Imperial Bank of Commerce in the sum of $58,132.96, plus interest, and granted the cross motion by defendant Canadian Imperial Bank of Commerce for summary judgment against defendant Intershoe Incorporated in the sum of $58,132.96, plus interest, is modified, on the law and in the exercise of discretion, without costs or disbursements, to the extent of staying entry of plaintiff's judgment against defendant Canadian Imperial Bank of Commerce and defendant bank's judgment against defendant Intershoe Incorporated pending final determination of this matter on condition that defendant Intershoe Incorporated post an undertaking in the amount of $81,000 with the clerk of the Supreme Court, New York County, within 30 days of the date of this court's order, and otherwise affirmed. In the event that the undertaking is not so posted, then the order appealed from is affirmed, without costs. Special Term properly found that "all the documents including bills of lading and invoices, when considered together, show no inconsistency with the letter of credit." Plaintiff, being in strict compliance with the requirements of that letter of credit, was entitled to payment from defendant Canadian Imperial Bank of Commerce. However, defendant Intershoe Incorporated contends, and plaintiff does not dispute, that plaintiff is a Brazilian corporation with no assets in the United States. Since Intershoe has a substantial counterclaim against plaintiff in connection with alleged breach of the underlying contract, the court should have stayed entry of the judgments and required the posting of a bond pending determination of the remaining causes of action. (CPLR 3212, subd [e].) Concur — Ross, J. P., Asch, Milonas, Kassal and Alexander, JJ.